IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERI SHERIFF, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV475 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIDWEST HEALTH PARTNERS, P.C., | ) | |
| and MIDWEST OB-GYN CLINIC, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Request to Require Neb Civ R 16.2(a)(2)(F) Discovery Designations (Filing No. 49). The plaintiff filed no opposition to the motion.

On June 20, 2008, the court enter a progression order stating:

> In accordance with NEGenR 1.1(c), unless otherwise ordered, the requirement of NECivR 16.2(a)(2)(F) [Jan. 26, 2007], of designating discovery intended to be utilized at trial, is suspended for this case; motions to require such designations may be filed not later than fifteen days prior to the deposition deadline.

See Filing No. 25 ¶ 4(b). The deposition deadline in this case was December 1, 2008. *Id.* ¶ 2(a). The defendants filed the instant motion on February 10, 2009. See Filing No. 49. Accordingly, the defendants' motion was not filed within the time period designated in the order. However, the trial in this matter was recently continued to June 22, 2009. See Filing No. 47.

The reference to NECivR 16.2(a)(2)(F) indicates the Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules) in effect prior to October 26, 2007. Before a change in the Nebraska Civil Rules on October 26, 2007, NECivR 16.2(a)(2)(F) provided:

> The parties shall separately list portions of all depositions (by page and line number), answers to written interrogatories, and requests for admissions which are expected to be offered in evidence. The opposing party shall list all objections thereto, including those under Federal Rule of Civil Procedure 32(a) or

> the Federal Rules of Evidence.  <u>Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the court for good cause shown.</u>  The court, if possible, will rule on the objections prior to trial.

NECivR 16.2(a)(2)(F) (emphasis in original).

   This requirement was eliminated from the Nebraska Civil Rules on October 26, 2007.  **See** NECivR 16.2 (Oct. 26, 2007).  However, the court may, at its discretion, require the parties to provide the designations.  The defendants argue the designations are helpful to identify issues, prepare to counter-designate discovery, and streamline the trial process.  The court finds designation of deposition testimony and other discovery is appropriate and will benefit the proceedings in this case.  Further, the defendants' delay in filing the instant motion does not prejudice the plaintiff who has ample time to comply with this order prior to trial.  Upon consideration,

   **IT IS ORDERED:**

   1. The defendants' Request to Require Neb Civ R 16.2(a)(2)(F) Discovery Designations (Filing No. 49) is granted.

   2. On or before **May 8, 2009**, each party shall provide to all other parties with the following information regarding the evidence that it may present at trial other than solely for impeachment purposes:  1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer.  Such designations and any objections thereto shall also be included in the final pretrial conference order. Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the court for good cause shown.

   DATED this 3rd day of March, 2009.

                BY THE COURT:

                 s/Thomas D. Thalken
                United States Magistrate Judge